United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-41092
Summary Calendar

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FRANCISCO JAVIER CRUZ-HERNANDEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-288-1
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Francisco Javier Cruz-Hernandez (Cruz) appeals his jury-trial convictions for conspiracy to possess with the intent to distribute more than five kilograms of cocaine, possession with the intent to distribute more than five kilograms of cocaine, and importation of more than five kilograms of cocaine. Cruz argues that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that he knew that cocaine was

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hidden in the fuel tanks in the tractor he was driving.  He contends that the evidence was, at best, in equipoise.

Although the jury may ordinarily infer the defendant's guilty knowledge from his control over a drug-laden vehicle, if the drugs are contained in a hidden compartment, as in this case, this court requires additional circumstantial evidence that demonstrates guilty knowledge.  United States v. Villarreal, 324 F.3d 319, 324 (5th Cir. 2003).

Cruz exhibited nervous behavior during the search of his vehicle and during questioning.  Based on the actions of Cruz in this regard, the jury could have reasonably inferred that Cruz was nervous concerning the discovery of cocaine in the tractor. See United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998).  Cruz's statements to the federal agents were inconsistent with the evidence presented at trial.  Further, his trial testimony was inconsistent in several respects.  Inconsistent statements also provide evidence of guilty knowledge.  United States v. Diaz-Carreon, 915 F.2d 951, 954-55 (5th Cir. 1990). Cruz also provided explanations and detailed situations that were implausible, including claiming not to be concerned about a broken fuel gauge.  He also claimed that he was paid a salary as a truck driver for a business conducted in a house with a small office area where no one lived.  Cruz stated that he did not make many trips for the business and cleaned the house once or twice a week before and between trips.  Finally, the amount and value of

the cocaine discovered in the fuel tanks of the tractor in his possession supports the jury's finding of guilty knowledge. The jury could have rationally inferred that Cruz would not be entrusted with such valuable cargo if he had not been a knowing participant in a drug-smuggling scheme. Villarreal, 324 F.3d at 324.

The evidence presented at trial was sufficient to allow a rational jury to find that Cruz had knowledge of the cocaine in his possession. Ortega Reyna, 148 F.3d at 543. Accordingly, Cruz's convictions are AFFIRMED.